# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHN L. NORRIS,
et al,.

        Plaintiffs,

v.

JOHNSON COUNTY
PROBATE AND JUVENILE COURT,
et al.,

        Defendants.

CIVIL ACTION

No: 09-2598-JWL-GLR

## MEMORANDUM AND ORDER

Plaintiffs John L. Norris and Julie T. Jackson-Hatcher, proceeding *pro se*, bring a complaint pursuant to 42 U.S.C. § 1983 concerning a State of Kansas Child in Need of Care (CINC) Petition in Johnson County District Court. This matter comes before the Court on the Motion to Stay Discovery (doc. 46) filed by Defendants Johnson County Probate and Juvenile Court, Judge Kathleen Sloan (Johnson County District Court Judge), and Sarah E. Stewart (Johnson County Assistant District Attorney). These Defendants request an order to stay all proceedings under Fed. R. Civ. P. 26, including the Rule 26(f) meeting, report of planning meeting, mediation, initial disclosures pursuant to 26(a)(1), scheduling conference, discovery and all other Rule 26 activities, pending a ruling on their Motion to Dismiss. No party has filed any response in opposition to the motion. The motion is granted.

The general policy in this district is not to stay discovery even though dispositive motions are pending.[1] A court, however, may appropriately stay discovery until a pending motion is decided

---

[1] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

"where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[2]

Another basis for staying discovery is based upon a defendant's assertion of an immunity defense in a dispositive motion.[3] Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[4] "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[5] The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[6]

Moving Defendants have filed a Motion to Dismiss (doc. 43) on numerous grounds including absolute judicial immunity, prosecutorial immunity, and Eleventh Amendment immunity. They argue that a stay of discovery is appropriate because a ruling on their Motion to Dismiss will likely conclude Plaintiffs' action. They further argue that discovery will not provide any information that could possibly affect the outcome of the ruling on their Motion to Dismiss because the issues raised in the motion are questions of law, not of fact. They ask the Court to stay discovery until the pending immunity issues have been resolved by the Court.

---

[2]*Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[3]*Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[4]*Id.*

[5]*Id.*

[6]*Id.*; *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

Under the standards set forth above, the Court finds a stay of discovery as to these Defendants to be appropriate, given the issues they have raised as to judicial, prosecutorial, and Eleventh Amendment immunity in their pending Motion to Dismiss. The Court therefore grants the unopposed Motion to Stay Discovery.

**IT IS THEREFORE ORDERED THAT** the Motion to Stay Discovery (doc. 46) is GRANTED. All pretrial proceedings and discovery are hereby stayed as to Defendants Johnson County Probate and Juvenile Court, Judge Kathleen Sloan, and Sarah E. Stewart until the Court rules on their Motion to Dismiss (doc. 43).

Dated in Kansas City, Kansas on this 10th day of February, 2010.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge