IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOHN L. NORRIS, JULIE T. JACKSON-HATCHER and M.A.H.., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 09-CV-2598 JWL/GLR |
| JOHNSON COUNTY PROBATE AND JUVENILE COURT, et. al. | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## **MEMORANDUM AND ORDER**

The plaintiffs filed this action against numerous individuals and entities purportedly involved in a child custody proceeding concerning the plaintiffs' minor child, M.A.H. Against twenty-one named and unnamed defendants, the plaintiffs asserted claims under various federal statutes, including 42 U.S.C. § 1983, 42 U.S.C. § 1994, 18 U.S.C. § 1581, 18 U.S.C. § 1584, and 18 U.S.C. § 241, arguing that their constitutional rights were violated by the defendants in the course of the custody case, initiated as a "child in need of care" proceeding in the Johnson County District Court. They contend that the presiding judge unfairly issued a child custody order and that the defendants have continued to violate their rights by refusing to return the child to their home. For example, the plaintiffs assert that they have been deprived of their property rights as the defendants forcefully and wrongfully seized and retained possession of their minor child,

1

that the defendants have infringed on their family rights, that their rights not to incriminate themselves have been compromised, that they have been deprived of their rights not to be placed in conditions of involuntary servitude and peonage, and that the defendants have acted in collusion with one another to deprive them of these rights.[1] The plaintiffs seek damages as well as injunctive relief, requesting the return of their child and dismissal of the pending state proceeding.[2] The matter is presently before the Court on various motions by the defendants to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (doc. #s 6, 34, 36, 38, and 43). For the reasons explained below, the Court concludes that the plaintiffs' claims must be dismissed.

The defendants argue that the plaintiffs' claims must be dismissed for numerous reasons, including that the plaintiffs have failed to state any claim upon which relief might be granted, that the action is barred in certain respects by the Eleventh Amendment, that various defendants are protected by either absolute or qualified

---

[1] The plaintiffs alleged additional violations of their rights in their "Answer to Motions to Dismiss" (doc. #55). However, the plaintiffs have not sought to amend their complaint, the operative document for purposes of assessing their claims. In resolving a motion to dismiss, the Court will not consider any claims not contained within the complaint itself. *Regal Ware, Inc. v. Vita Craft Corp.*, 653 F.Supp.2d 1146, 1150 (D. Kan. 2006) ("[r]egardless of the parties' allegations in other documents, in deciding this motion 'we do not consider those materials'") (quoting *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 n. 3 (10th Cir. 2002)).

[2] While the plaintiffs do not explicitly request "injunctive" relief, the Court is obligated to liberally construe the pro se pleadings and hold them to a less stringent standard than those drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). So construing the pleadings, the Court concludes that the plaintiffs request equitable relief in seeking the return of their child and dismissal of the pending state proceeding. Moreover, this is consistent with the plaintiffs' labeling of the present case as a "suit in equity" on the caption of the Complaint.

immunity, that the Court must dismiss under 28 U.S.C. § 1915(e)(2)(B)[3], and that the Court should abstain from exercising jurisdiction under either *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), or the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The Court concludes that *Younger* necessitates abstention and dismissal of the plaintiffs' claims.

I. Standards

The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic*, 127 S.Ct. at 1964-65. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *id*. at 1965, and view all reasonable inferences from those facts in favor of the plaintiff, *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1965

---

[3] 28 U.S.C. § 1915(e)(2)(B) provides that the district court must dismiss a proceeding in forma pauperis if the court determines that the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(citations omitted). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

When, as here, a plaintiff is proceeding pro se, the court construes his or her pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001); *accord Shaffer v. Saffle*, 148 F.3d 1180, 1181 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In other words, "[n]ot every fact must be described in specific detail . . . and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him should be allowed to amend his complaint." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (quoting *Hall*, 935 F.2d at 1110). The liberal construction of the plaintiff's complaint, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* (quoting *Hall*, 935 F.2d at 1110). "Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* (quoting *Hall*, 935 F.2d at 1110).

II. Discussion

Although *Younger* involved a criminal case, the "policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423,

432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Under *Younger*, a federal district court must abstain from exercising jurisdiction when (1) a state criminal, civil or administrative proceeding is ongoing; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests. If each of these elements is satisfied, the district court must abstain in the absence of bad faith or other extraordinary circumstances. *See Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (explaining that a plaintiff may overcome the "presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown'") (quoting *Perez v. Ledesma*, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971)).

As to the first element, the plaintiffs' claims arise from state custody proceedings which remain pending in the Johnson County District Court. The presiding judge entered an Order of Temporary Custody and, in an affidavit accompanying one of the motions filed by several of the defendants, explained that the case is not final, and is an ongoing matter before the court. *See* Exhibit 1, attached to "Amended Memorandum in Support of Motion to Dismiss" (doc. #45) filed January 12, 2010. Moreover, the plaintiffs have not disputed that the matter is pending before the Johnson County District Court.[4] Thus, the Court finds that the first *Younger* element is satisfied.[5]

---

[4] Indeed, the plaintiffs described the matter as a "pending claim" in the Complaint.
[5] As noted above, some of the defendants have argued that the Court should abstain under the *Rooker-Feldman* doctrine. However, there is no indication the state custody

Second, the state courts provide an adequate forum in which to raise the plaintiffs' various constitutional claims. *Younger* requires that the plaintiffs have an "'opportunity to raise and have timely decided by a competent state tribunal the federal issues involved.'"[6] *Middlesex County Ethics Comm.,* 457 U.S. at 437 (quoting *Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973)). In Kansas, state district courts—such as the Johnson County District Court—are courts of general jurisdiction. *See* K.S.A. § 20-301. State courts of general jurisdiction are generally competent to adjudicate claims that involve such federal statutes as Section 1983. *See Nevada v. Hicks*, 533 U.S. 353, 366, 121 S.Ct. 2304, 150 L.Ed.2d 398 (2001). Moreover, where a plaintiff has not attempted to assert his federal claims in the state courts, the federal court "'should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1266 (D. Kan. 2008) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987)). In addition, this Court has previously recognized that a plaintiff's ability to raise constitutional challenges to child custody proceedings in the Kansas Court of Appeals is sufficient to find the state court an adequate forum for purposes of *Younger*. *Id.*

---

proceeding has reached a final judgment. Therefore, "a dismissal under *Rooker-Feldman* would be inappropriate." *See Buck v. Myers*, 244 Fed. App'x 193, 197, 2007 WL 1982188, at *2 (10th Cir. July 10, 2007) (unpublished opinion) (citing *Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006)).

[6] The appropriate inquiry is whether the plaintiffs *could* have raised the claims in the state proceedings. *See Fisher v. Lynch*, 2008 WL 2152053, at *3 (D. Kan. May 21, 2008).

Lastly, the pending child custody proceedings involve important state interests, as the Tenth Circuit has consistently recognized. *See Morrow v. Winslow*, 94 F.3d 1386, 1393, 1397 (10th Cir. 1996) (concluding that *Younger* abstention is appropriate where there is an ongoing child custody dispute, explaining that the state has a very significant interest in child custody concerns) (citing *Moore v. Sims*, 442 U.S. 415, 435, 99 S.Ct. 2371, 2383, 60 L.Ed.2d 994 (1979)). *See also Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child.") and *Ysais v. Children Youth & Family Dept.*, 2009 WL 4048782, at *1 (10th Cir. Nov. 24, 2009) (unpublished opinion) (affirming the district court's decision that *Younger* abstention precluded its consideration of various constitutional claims arising from a child custody dispute).

The plaintiffs also have not established that any of the exceptions to *Younger* abstention are applicable.[7] Although the plaintiffs appear to contend that a least a few of the defendants acted willfully in denying them of their alleged rights, and the plaintiffs generally assert that defendant Beate Wynn willfully harassed them, the Tenth Circuit has explained that "bare allegations of bad faith or harassment are insufficient to overcome…abstention." *Hunt v. Lamb*, 220 Fed. App'x 887, 889 (10th Cir. Apr. 4, 2007) (unpublished opinion) (citing *Phelps v. Hamilton*, 122 F.3d 885, 890 (10th Cir. 1997)). Thus, even if the Complaint could be viewed as making such allegations as would

---

[7] Indeed, the plaintiffs did not respond specifically to the argument made in several of the motions that abstention should apply.

implicate exceptions to *Younger*, the Court concludes that the plaintiffs have not provided sufficient specificity to satisfy their burden to come forward "with additional, supplemental evidence" concerning the alleged bad faith of the defendants. *See Phelps*, 122 F.3d at 890.

The Court therefore concludes that *Younger* dictates abstention and dismissal of the plaintiffs' claims. The Court could not grant any of the relief the plaintiffs seek without interfering "with an ongoing state proceeding implicating important state interests,"[8] and *Younger* clearly prohibits this Court from doing so.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the various motions to dismiss filed by the defendants (doc. #6, 34, 36, 38, 43) are granted. The plaintiffs' claims are dismissed without prejudice.

**IT IS SO ORDERED.**


Dated this 22nd day of March, 2010, in Kansas City, Kansas.

---

[8] The Court notes that the plaintiffs request monetary damages in addition to injunctive relief. However, the Tenth Circuit has explained that "the *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). *See also Petit v. Whetsel*, 188 F.3d 519, 1999 WL 586998, at *2 (10th Cir. Aug. 5, 1999) (table opinion) (explaining that the Tenth Circuit has extended the *Younger* doctrine to § 1983 claims for money damages) (citing *Parkhurst v. State of Wyoming*, 641 F.2d 775, 777 (10th Cir. 1981)). As a judgment for the plaintiffs would have such preclusive effects, dismissal is appropriate.

s/ John W. Lungstrum

John W. Lungstrum

United States District Judge